IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ANTOINE MYLES,**

        **Petitioner,**

   v.                      **CIVIL ACTION NO. 1:09cv132**
                                   **(Judge Keeley)**

**WARDEN JAMES CROSS,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On September 9, 2009, the *pro se* petitioner, Antoine Myles, an inmate at USP Hazelton, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241. The petitioner paid the required filing fee on September 17, 2009  On September 18, 2009, the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted. Accordingly, an Order to Show Cause was issued against the respondent. On October 19, 2009, the respondent filed his response by filing a Motion to Dismiss and Response to Order to Show Cause. On October 29, 2009, the petitioner filed a Traverse.

### II. FACTS

The petitioner entered a plea of guilty to an Information on September 3, 2003 in the District Court for the Eastern District of North Carolina. On February 2, 2004, the petitioner was sentenced to 96 months imprisonment, 3 years supervised release, and a $100 special assessment. Upon motion by the United States for a Rule 35 departure, the petitioner's sentence was amended on September 8, 2004, reducing his term of imprisonment to 64 months, with all other aspects of the original

1

judgment remaining the same. (Doc. 16-1). The petitioner was released from custody on April 1, 2008, at which time the term of supervised release commenced. (16-2, p. 1). A Motion for Revocation on Offender Under Supervised Release Supervision was filed on June 16, 2009, petitioning the Court to revoke the petitioner's supervised release due to his involvement in a shooting in Cumberland County, North Carolina on May 19, 2009, and his admission to a probation officer that he "cooked some cocaine" on June 4, 2009. (Id.) A hearing was held on July 20, 2009, where, after hearing sworn testimony, the Court found that the petitioner had violated the terms and conditions of his supervised release and sentenced him to 24 months imprisonment. (Doc. 16–3). The petitioner did not file a direct appeal, nor did he file a motion to set aside, correct, or vacate his sentence under 28 U.S.C. § 2255. (Doc. 16-1).

### III. <u>The Petition</u>

In his § 2241 petition, the petitioner alleges violations of his 4th, 5th, and 6th Amendment rights during the revocation hearing due to (1) ineffective assistance of counsel; (2) fraudulent testimony by an unnamed officer of the Cumberland County, North Carolina Police Department, and (3) fraudulent testimony by Debbie Starlin, a Probation Officer. The petitioner, however, fails, to demand a specific remedy.

### IV. <u>The Response</u>

In response to the petition, the respondent moves to dismiss. In support of this motion, the respondent argues that the petitioner's claims do not merit relief under Section 2241. More specifically, the respondent argues that the petitioner has filed a § 225 motion masquerading as a § 2241 petition. Moreover, the respondent argues that the petitioner still has time to file a § 2255 motion.

### V. <u>The Traverse</u>

The petitioner indicates in his traverse that he does intend to attack his sentence and conviction under Section 2255 and has until July 20, 2010 to compile the necessary petition to submit to the Eastern District of North Carolina. However, he argues that the instant Section 2241 petition attacks the supervised release violation and not the validity of either the sentence or conviction. Therefore, he contends that a petition under Section 2241 is appropriate, and for relief, he seeks placement back on supervised release.

## VI. **STANDARD OF REVIEW**

### A. **Summary Judgment**[1]

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party

---

[1] Although the respondent has styled his pleading as a Motion to Dismiss, he clearly asks that the Court to rely on documents and declarations attached as exhibits. When matters outside the pleadings are presented to a court on a motion to dismiss, and the court does not exclude those matters, the motion must be treated as a motion for summary judgment rather than a 12(b)(6) motion,

3

must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 1986).

## VII ANALYSIS

The issue before this court is whether a challenge to a revocation proceeding must be brought pursuant to 28 U.S.C. § 2255 in the court of conviction, or whether it may be brought by way of a habeas corpus petition pursuant to § 2241 in the district court having jurisdiction over the petitioner's custodian. When faced with a similar decision[2], the Fourth Circuit Court of Appeals determined that the appropriate remedy is by way of § 2255. See Milnes v. F.P. Samples, 861 F.2d 265 (4th Cir. 1988).

In reaching this conclusion, the Court in Milnes noted that a § 2241 petition is appropriate to challenge a **parole revocation** hearing because the decision to grant or revoke parole does not require the participation of the sentencing court. However, **probation revocation** requires the sentencing court responsible for supervising the probationer to determine if the conditions or terms of the probation have been violated, and as the court noted, the relevant parties, witnesses, and records will be more accessible to the sentencing court than to a court whose only connection to the challenged proceeding is the petitioner's presence in that court's jurisdiction. Here, the petitioner

---

[2]The precise issue before the Fourth Circuit involved probation revocation. However, the reasoning used by the Court in that case is equally applicable to revocation of supervised release.

4

is challenging the revocation of his supervised release arguing that the facts that led to his supervised release violation were never substantially validated. Clearly, as with the revocation of parole, revocation of supervised release requires the sentencing court to determine if the conditions or terms of the supervised release have been violated. Consequently, the relevant parties, witnesses, and records are more accessible to the sentencing court than this court.

Moreover, an action in which an individual seeks to collaterally attack his conviction ordinarily should be filed under 28 U.S.C. § 2255 in the district of conviction.[3] However, despite the fact that a § 2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, § 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of what is known as the Section 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy through a § 2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S..C. § 2255. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). It is well established that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2001). Furthermore, § 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under the section is time-barred. United States v. Laurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate or

---

[3]Here, the petitioner is seeking to attack his conviction for violating the terms of his supervised relief, not his original conviction for possession of a firearm by a convicted felon.

5

ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[4]

Id. at 333-34.

Although the petitioner has not raised the savings clause, it is clear that he is not entitled to its application. Furthermore, as noted by the petitioner himself, he still has time to file a § 2255 petition with the sentencing court. Consequently, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a §2241 petition.

## VIII. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss or in the Alternative, Motion for Summary Judgment (Doc. 15) be **GRANTED,** and the petitioner's §2241 petition be **DENIED and DISMISSED.**

Any party may file, within fourteen (14) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the

---

[4]The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2255; see Jones, 226 F.3d at 330.

Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: February 2, 2010

                                               /s/ James E. Seibert
                                              JAMES E. SEIBERT
                                              UNITED STATES MAGISTRATE JUDGE