```
IN THE UNITED STATES DISTRICT COURT
 FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**ANTOINE MYLES,**

    **Petitioner,**

**v.**                                          **CIVIL ACTION NO. 1:09CV132**
                                                            **(Judge Keeley)**

**WARDEN JAMES CROSS**

    **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 18],
GRANTING DEFENDANT'S MOTION TO DISMISS [DKT. NO. 15] AND
DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT [DKT. NO. 1]**

## I. INTRODUCTION

On September 3, 2003, Antoine Myles ("Myles"), the pro se petitioner, pleaded guilty to an Information charging him with possession of ammunition by a convicted felon. On February 2, 2004, the United States District Court for the Eastern District of North Carolina sentenced him to ninety-six months of imprisonment and three years of supervised release. Pursuant to Fed. R. Crim. P. 35, the court later reduced Myles's term of imprisonment to sixty-four months on September 8, 2004. (Dkt. no. 16-1).

Myles's three years of supervised release commenced on April 1, 2008. On June 16, 2009, the Government moved to revoke Myles's supervision because Myles was involved in a shooting in Cumberland County, North Carolina, on May 19, 2009, and also admitted to a probation officer that he had "cooked some cocaine" on June 4, 2009. (Dkt. no. 16-2). On July 20, 2009, the sentencing

**MYLES v. CROSS**                                              **1:09CV132**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 18],
GRANTING DEFENDANT'S MOTION TO DISMISS [DKT. NO. 15] AND
DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT [DKT. NO. 1]

court revoked Myles's supervision and sentenced him to twenty-four months of imprisonment.

Myles did not appeal his revocation and sentence; nor did he move to set aside, correct, or vacate his sentence under 28 U.S.C. § 2255. (See dkt. no. 16-1). On September 9, 2009, however, he filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 in this Court. That petition alleges that Myles' Fourth, Fifth, and Sixth Amendment rights were violated during the revocation hearing held on July 20, 2009 due to (1) ineffective assistance of counsel, (2) fraudulent testimony by an unnamed officer of the Cumberland County, North Carolina, Police Department, and (3) fraudulent testimony by Debbie Starlin, a probation officer.

The Court referred this matter to the Honorable James E. Seibert, United States Magistrate Judge ("Magistrate Judge Seibert") for initial screening and a Report and Recommendation ("R&R") in accordance with Local Rule of Prisoner Litigation 83.09. The defendant, Warden James Cross, filed a Motion to Dismiss and Response to Order to Show Cause on October 19, 2009. (Dkt. no. 15). Myles responded on October 29, 2009, by filing a "Traverse to Respondent's Memorandum in Support of Motion to Dismiss and Response to Order to Show Cause." (Dkt. no. 17). On February 2, 2010, Magistrate Judge Seibert issued a R&R recommending that

**MYLES v. CROSS**                                                   **1:09CV132**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 18],
GRANTING DEFENDANT'S MOTION TO DISMISS [DKT. NO. 15] AND
DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT [DKT. NO. 1]**

Myles's § 2241 petition be denied and that his case be dismissed. Myles filed timely objections to the R&R on February 16, 2010. (Dkt. no. 20). After a de novo review of those aspects of the R&R objected to by Myles, the Court **ADOPTS** the R&R (dkt. no. 18) in its entirety, **GRANTS** the defendant's motion to dismiss (dkt. no. 15), and **DISMISSES WITH PREJUDICE** Myles's § 2241 petition. (Dkt. no. 1).

### II. **MAGISTRATE JUDGE SEIBERT'S REPORT AND RECOMMENDATION**

In the R&R, Magistrate Judge Seibert concluded that Myles had improperly filed a § 2241 petition because an action in which an individual seeks to collaterally attack his conviction ordinarily should be filed under 28 U.S.C. § 2255 in the district where the individual was sentenced. A § 2241 petition attacking a sentence is only appropriate when (1) the petitioner is challenging a parole revocation hearing, see Milnes v. F.P. Samples, 861 F.2d 265 (table), 1988 WL 105445, at *2 (4th Cir. Sept. 22, 1988); or (2) the petitioner demonstrates that the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000).

### III. **MYLES'S OBJECTIONS**

Myles objects to the determination that a petition pursuant to § 2241 is not appropriate under the circumstances in his case. He asserts that a § 2241 petition "is available to a federal prisoner

**MYLES v. CROSS**                                                         **1:09CV132**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 18], GRANTING DEFENDANT'S MOTION TO DISMISS [DKT. NO. 15] AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT [DKT. NO. 1]**

who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2nd Cir. 2001). He further asserts that a writ of habeas corpus pursuant to § 2241 is appropriate when challenging a parole decision because the execution of a sentence involves the administration of parole. See Levine v. Apker, 455 F.3d 71 (2nd. Cir. 2006). Myles therefore urges the Court to consider the merits of his claim in the petition.

## IV. STANDARD OF REVIEW

In reviewing the R&R, the Court reviews de novo any portions of the R&R to which a specific objection is made, 28 U.S.C. § 636(b)(1), but may adopt, without explanation, any of the magistrate judge's recommendations to which no objections are filed. See Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983); see also Nettles v. Wainwright, 656 F.2d 986, 986-87 (5th Cir. 1981). A failure to file specific objections "waives appellate review of both factual and legal questions." Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 18], GRANTING DEFENDANT'S MOTION TO DISMISS [DKT. NO. 15] AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT [DKT. NO. 1]**

## V. DISCUSSION

Myles's objections to the R&R are erroneously premised on the assumption that supervised release is synonymous with parole. Although the R&R acknowledges that § 2241 is a proper vehicle to challenge a parole proceeding, it correctly rejects the argument that revocation of supervised release is an analogous proceeding.

The R&R also correctly determined that supervised release is similar to probation, not parole. Both require the sentencing court to determine if the conditions or terms of the probation or supervised release have been violated. Moreover, the relevant parties, witnesses, and records are more accessible to the sentencing court. Additionally, probation officers are appointed by the sentencing court and serve under its direction to manage aspects of sentences and to supervise persons on supervised release or probation with respect to all conditions imposed by the court. United States v. Johnson, 48 F.3d 806, 808 (4th Cir. 1995). Thus, probation revocation proceedings, as well as supervised release revocation proceedings, are continuations of the original criminal proceeding. See Milnes, 1988 WL 105445, at *2. Therefore, challenges to supervised release revocation proceedings and sentences imposed in such proceedings should be brought pursuant to § 2255 in the court whose proceedings are being attacked. Id. at *3

**MYLES v. CROSS**                                                1:09CV132

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 18],
GRANTING DEFENDANT'S MOTION TO DISMISS [DKT. NO. 15] AND
DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT [DKT. NO. 1]**

(citing Napoles v. United States, 536 F.2d 722, 726 (7th Cir. 1976); United States v. Condit, 621 F.2d 1096, 1097 (10th Cir. 1980).

Myles does not object to Magistrate Judge Seibert's conclusion that the circumstances of this case do not meet the criteria of the savings clause set forth in Jones for an inadequate or ineffective remedy under § 2255. 226 F.3d at 333-34. Furthermore, he notes that he still has time to file a § 2255 petition and intends to do so with the sentencing court. (Dkt. no. 17). Myles, himself, thus, has clearly demonstrated that § 2255 is an adequate and effective remedy in the circumstances of this case and that his writ of habeas corpus pursuant to 28 U.S.C. § 2241 is improper.

## VI. CONCLUSION

Myles has filed an improper petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court therefore **ADOPTS** the R&R (dkt. no. 18) in its entirety, **GRANTS** the defendant's motion to dismiss (dkt. no. 15)**, DENIES** the petition, and **DISMISSES** this case **WITH PREJUDICE.**

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk to enter a separate judgment order and to transmit copies of both

**MYLES v. CROSS**                                            1:09CV132

  **ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 18],
   GRANTING DEFENDANT'S MOTION TO DISMISS [DKT. NO. 15] AND
  DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT [DKT. NO. 1]

orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: August 4, 2010.

                                /s/ Irene M. Keeley
                                IRENE M. KEELEY
                                UNITED STATES DISTRICT JUDGE